**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Case #: 13-11338 |
| | ) | |
| Timothy Randall Kaylor | ) | CHAPTER 11 |
| | ) | |
| Debtor. | ) | |

**DEBTOR'S SECOND PLAN OF REORGANIZATION**

The Debtor hereby submits the following Plan of Reorganization, pursuant to 11 U.S.C. §1121:

## I. DEFINITIONS

A. Allowed Claim: A claim that the Debtor scheduled as non-disputed, non-contingent and liquidated and for which a timely claim has been filed in the office of the Clerk of the U. S. Bankruptcy Court to which no objection is made and allowed by the Court, or which the Court allows after an objection has been made thereto.

B. Bankruptcy Court or Court: The United States Bankruptcy Court for the Eastern District of Tennessee, Southern Division at Chattanooga, Tennessee.

C. Case: The case for the reorganization of the Debtor commenced by voluntary Chapter 11 petition on March 18, 2013.

D. Chapter 11: Chapter 11 of the Bankruptcy Code (Title 11, United States Code).

E. Confirmation: A final and non-appealable Order confirming the Plan in accordance with 11 U.S.C. § 1129.

F. Consummation: Consummation of the Plan of Reorganization by accomplishment of all things contained or provided for in the Plan and the entry of a final decree pursuant thereto.

G. Debtor: Timothy Randall Kaylor.

H. Default: Failure of the Debtor to comply with any of the applicable provisions of the plan.

I. Disbursing Agent: The Debtor.

J. Effective Date: The first business day following the fourteenth calendar day after confirmation.

K. Final Decree: The Order declaring the Plan consummated.

L. Motion for Default: Filing with the Court by any interested party a motion requesting that the Court determine that the Debtor has defaulted under the Plan with respect to one or more Classes.

M. The Plan or Plan of Reorganization: This Plan of Reorganization and any amendments thereto filed pursuant to Chapter 11 of Title 11, U.S.C., and as confirmed by Order of this Court.

N. Plan Payments: The funds paid by the Disbursing Agent.

O. Unclaimed Funds: Funds paid to and represented by a distribution check which remains uncashed after either: (1) as to any check not returned by the United States Postal Service, ninety (90) days following the mailing of the check to the last known address to the intended recipient, or (2) as to any check returned by the United States Postal Service, ninety (90) days following the Debtor or other sender's reasonable or good faith attempt to find out the intended recipient's correct mailing address, and if correct mailing address is found within such time periods, after the re-mailing of the check.

## II. PROVISIONS FOR PAYMENTS

The Disbursing Agent shall make the payments directly to the creditors in all Classes.

In the event the Debtor sells or refinances any collateral prior to completion of the payments provided to the creditor secured with the collateral, then all liens will attach to the proceeds of sale and the valid enforceable liens shall be payable out of the sale proceeds as provided under applicable non-bankruptcy law. All excess sale proceeds shall be retained by the Debtor.

## III. CLASSIFICATION OF CLAIMS AND INTERESTS

The Claims will be classified as follows:

*Class I.* Unsecured post-petition claims incurred in the ordinary course of business or by Order of the Court other than professional fees and expenses.

*Class II.* Allowed priority tax claims, Court ordered professional fees and expenses and fees owing to the Office of the U. S. Trustee after the Effective Date.

*Class III.* The claim of Everhome Mortgage that holds a first mortgage secured interest in 266 Padgett Lane, Turtletown, Tennessee

*Class IV.* The claim of Brightbridge, Inc. that held a first mortgage secured interest in 205 Industrial Park Dr., Ductktown, Tennessee, but has since foreclosed upon said real property.

*Class V.* The claim of Brightbridge, Inc. that held a second mortgage secured interest in 205 Industrial Park Dr., Ductktown, Tennessee, but has since foreclosed upon said real property.

Class VI.  The claim of Peoples Bank that allegedly holds a security interest in a 2002 Ford Pick-up.

*Class VII.* The allowed claims of general unsecured creditors not otherwise provided for including any deficiency claims arising in the event of post-confirmation default and subsequent foreclosure of the collateral.

## IV. PAYMENT OF PROFESSIONAL FEES

To be paid by the Disbursing Agent upon approval of the Court.

## V. TREATMENT OF CLAIMS

*Taxes and Professional fees* - To be paid in full upon approval of Bankruptcy Court. Presently there are no administrative tax claims, but if there are some incurred by the Debtor said claims will be paid in full, in cash, upon the Effective Date of the plan.

*Class I (Post-Petition Claims)* To be paid in the ordinary course of business upon contractual terms. These claims are not impaired.

*Class II (Priority Claims & Professional Fees)* Professional fees shall by order of the Court by the Disbursing Agent absent objection. The claim of IRS in the amount of $47,810.58 will be paid in payments of $1,102.47 starting 30 days after the Effective Date and to continue monthly thereafter until paid in full. Said claim shall be paid at 4% interest. If there is an increase or decrease in the tax claim the payment shall be increased or decreased to allow payment in full of the tax claim within 60 months of the petition date.

*Class III* (Everhome Mortgage) which maintains a security interest in real property located at 266 Padgett Lane, Turtletown, Tennessee is proposed to be paid a secured value of $140,926.00 at the interest rate of 3% with a set payment each month in the amount of $595.00 until paid in full. The Debtor will insure the property and pay the annual property taxes when due. There will be no escrow payment to the Creditor.

*Class IV & V* (Brightbridge, Inc.) which maintained a security interest in real property located at 205 Industrial Park Dr., Ducktown, Tennessee has foreclosed upon said real property. Any deficit resulting from the foreclosure, if any, shall be deemed a Class VII Unsecured Debt.

*Class VI* (Peoples Bank) which allegedly maintains a security interest in a 2002 Ford Pick-up will be paid a total of $1,500.00 to redeem said vehicle within 30 days of the Effective Date in full redemption. The remaining balance of the claim of Peoples Bank in the amount of $46,761.27 shall be treated as unsecured and paid in accordance with Class VII claims which will be impaired under the proposed plan.

*Class VII* (Unsecured Creditors) Each holder of an allowed claim in Class VII shall receive, Pro Rata, the unsecured dividend which is PRO RATA PORTION OF $500.00 PAID QUARTERLY OVER A PERIOD OF 10 QUARTERS.

## VI. EXECUTORY CONTRACTS AND ASSUMPTION OF DEBT

No executory contracts or unexpired leases of the Debtor shall be assumed.

## VII. MEANS FOR EXECUTION

a. The Disbursing Agent shall make all payments directly to the affected creditors as provided herein when due and payable monthly thereafter. Payments may be deemed delinquent upon motion of the affected creditor if paid more than 31 days after the due date.

b. In the event that a payment being made directly by the Debtor is deemed in default by the Court pursuant to motion, an opportunity for hearing and a subsequent order, then the plan as to the affected creditor(s) only shall be deemed in default which such creditor(s) shall be free of the plan provisions to exercise their applicable non-bankruptcy remedies. However, irrespective of a declaration of default of plan payments as to one or more classes, the plan provisions shall continue to be binding on all other creditors for which the Debtor has not defaulted. Any

unsecured deficiency claim arising after such post-petition default and foreclosure shall be treated the same as Class VI and shall be discharged under 11 U.S.C. § 1141(d)(5).

## VIII. MISCELLANEOUS

a. The Debtor shall retain all assets and all creditors shall retain their liens, their rights pursuant to their notes and security documents and their respective priorities against the collateral, subject to the terms of the Plan.

b. The allowed claim in Class II shall include attorney fees incurred pre and post-petition to the extent allowed by non-bankruptcy law, pre and post-petition interest less adequate protection payments made pre-confirmation and pre-petition late fees.

c. The Debtor may sell any or all of its properties subject to satisfying all liens and encumbrances against the property being sold including real property tax liens.

d. In the event the Debtor should default on any of the terms of this Plan or upon their responsibilities provided herein, the Court shall retain jurisdiction to determine upon motion of a party in interest whether a default has occurred.  A default in one or more Classes shall be deemed a default in that Class or Classes only and shall not affect the terms of the Plan as to the remaining Classes.

e. All right, title, and interest in and to any distribution that becomes Unclaimed Funds shall immediately and irrevocably vest in, and revert to and become the property of the Debtor and the holder of the allowed claim to which such distribution relates shall be deemed to have no further or additional claim against the Debtor with regard to such Allowed Claim or distribution or the Unclaimed Funds represented thereby.

f. Defaults may be brought to the Court's attention by any interest party. The Debtor is authorized to employ professional persons to continue representation of the Debtor for all

matters arising post-confirmation and is authorized to pay all post-confirmation fees and expenses incurred in the ordinary course of business.

g. Avoidable transfers will not be pursued and are deemed compromised upon confirmation of the Plan.

h. All current post-petition expenses will constitute post-confirmation obligations of the Debtor and be paid in full according to ordinary financial terms.

i. Objections to the allowance of claims by the Debtor or any interested party shall be filed within thirty (30) days of the Effective Date with notice of the objection being served upon Debtor, Debtor's counsel, the creditors whose claims is being objected to and the Office of the U.S. Trustee.

j. The Debtor shall furnish post-confirmation quarterly reports by the 15th of the month following the end of the quarter to the United States Trustee's office and to any creditors requesting same in writing from the Debtor's counsel. This obligation of the Debtor shall continue after a Final Decree is entered in this matter until all Plan payments have been completed.

k. After a Final Decree is entered any creditor may move to re-open this case and request the Court to modify the confirmed Plan under 11U.S.C. §1127(e) or to enforce the provision for post-confirmation quarterly reports. U.S. Trustee fees shall be paid for any quarters that the case is reopened.

l. All fees owing to the Office of the U. S. Trustee prior to the Effective Date will paid at the Effective Date. The case shall be administratively closed for purposes of 28 U.S.C. § 1930(a)(6) upon commencement of the Plan Payments and final determination of matters in paragraph 1- 4 below, subject to reopening for determination of any of the matters in paragraphs

5 - 8 for which jurisdiction is retained to the extent that any fees become due and owing to the Office of the U. S. Trustee after the Effective Date, such fees shall be payable from Plan Payments as claimed in Class II.

    m. The Court shall retain jurisdiction of this case for the following purposes:

    1. To determine any and all objections to the allowance and classification of claims and arrearage claims;

    2. To determine any and all applications for professional fees and expenses;

    3. To determine any pending applications for rejection or affirmance of executor contracts or expired leases and the allowance of claims resulting from the rejection of executor contracts or unexpired leases;

    4. To determine any and all pending applications and adversary proceedings and contested and litigated matters except those resolved by this Plan;

    5. To determine any defaults under the Plan and to enforce the provisions of the Plan;

    6. To correct any defect, cure any omission or reconcile any inconsistency in the Plan or in the Order of the Court confirming the Plan as may be necessary to carry out the purpose and intent of the Plan; and

    7. To grant the Debtor a discharge pursuant to 11 U. S. C. § 1141 (d)(5); and

    8. To determine such other matters as may be provided for in the Order of the Court confirming the Plan.

Dated: September 22, 2014

                                            Respectfully submitted:

                                            /s/Timothy Randall Kaylor

              Timothy Randall Kaylor

Approved for Entry

Law Office of W. Thomas Bible, Jr.

BY: /s/ Harry W. Miller, III
Harry W. Miller, III, BPR 015583
6918 Shallowford Road, Suite 100
Chattanooga, TN  37421
(423) 424-3116/(423) 553-0639 fax
harry@tombiblelaw.com